UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| Case No. | ED CV 17-1036 FMO (JPRx) | Date | August 31, 2017 |
|---|---|---|---|
| Title | Carole Arndt v. Capital One Bank USA, N.A. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | | Attorney Present for Defendant(s): |
| None Present | | None Present |

**Proceedings:** (In Chambers) Order Re: Pending Motion

Having reviewed and considered all the briefing filed with respect to Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction (Dkt. 11, "Motion"), the court concludes that oral argument is not necessary to resolve the Motion. See Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001).

## BACKGROUND

On April 18, 2017, plaintiff Carole Arndt ("plaintiff" or "Arndt") filed a small claims action in the San Bernardino County Superior Court against Capital One Bank, N.A. ("defendant" or "Capital One"), asserting claims for violations of: (1) the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, et seq.; (2) the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, et seq.; (3) the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code §§ 1788, et seq.; and (4) the California Consumer Credit Reporting Act ("CCRA"), Cal. Civ. Code §§ 1785.1, et seq. (See Dkt. 1-1, Complaint). Plaintiff asserted that "Defendant did not report to the Credit Reporting Agencies that Plaintiff is disputing a credit line that Defendant has marked as delinquent, in violation of the FCRA, the FDCPA and RFDCPA, and the []CCRA." (Id. at 2). On May 24, 2017, defendant removed the action to this court based on federal question jurisdiction pursuant to 28 U.S.C. § 1331. (See Dkt. 1, Notice of Removal ("NOR") at ¶ 1). Defendant stated that the court has supplemental jurisdiction over the state law claims. (See id.); see also 28 U.S.C. § 1367.

On May 30, 2017, plaintiff filed a First Amended Complaint ("FAC"), omitting the FCRA and FDCPA claims, leaving only the state law claims. (See Dkt. 7, FAC at ¶¶ 8-15). On June 21, plaintiff filed the instant Motion. (Dkt. 11).

## LEGAL STANDARD

"In determining the existence of removal jurisdiction based upon a federal question, we must look to the complaint as of the time the removal petition was filed." Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1065 (9th Cir. 1979). Removal of a civil action from the state court where it was filed is proper if the action might have originally been brought in federal court. See

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 17-1036 FMO (JPRx) | Date | August 31, 2017 |
|---|---|---|---|
| Title | Carole Arndt v. Capital One Bank USA, N.A. | | |

28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]"). Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c); see also Buchner v. FDIC, 981 F.2d 816, 819-20 (5th Cir. 1993). If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. See Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). And, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

"Where removal is properly effected under section 1441(a), the district court may also elect to exercise pendent jurisdiction over state law claims." Emrich v. Touche Ross & Co., 846 F.2d 1190, 1196 (9th Cir. 1988). However, the court is not required to exercise supplemental jurisdiction over the state law claims. See United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139 (1966) ("It has consistently been recognized that pendant jurisdiction is a doctrine of discretion, not of plaintiff's right."); Moor v. Cty. of Alameda, 411 U.S. 693, 716-17, 93 S.Ct. 1785, 1799 (1973) (recognizing that where district courts have original jurisdiction, courts have "broad discretion" in determining whether to exercise supplemental jurisdiction over state law claims).

## DISCUSSION

Plaintiff contends that the court does not have subject matter jurisdiction over the FAC because it "does not give rise to federal question jurisdiction which was the basis of Defendant's Notice of Removal." (Dkt. 11-1, Memorandum of Points and Authorities in Support of Motion for Remand ("Memo") at 3). However, "[t]he error of this argument is its assumption that a party may force remand of an action after its removal from state court by amending the complaint to destroy the federal court's jurisdiction over the action." Pfeiffer v. Hartford Fire Ins. Co., 929 F.2d 1484, 1488 (10th Cir. 1991). Rather, "the propriety of removal is determined solely on the basis of the pleadings filed in state court" and at the time of removal. See Williams v. Costco Wholesale Corp., 471 F.3d 975, 976 (9th Cir. 2006) (per curiam).

At the time of removal, the operative complaint asserted claims under the FDCPA and FCRA, (see Dkt. 1-1, Complaint at 2; Dkt. 1, NOR at ¶¶ 1 & 3-4), and thus the court had federal question jurisdiction over those claims. See 28 U.S.C. § 1331 ("district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"); 28 U.S.C. § 1441(a) ("any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending"). The court also had supplemental jurisdiction over the state law claims. See 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **ED CV 17-1036 FMO (JPRx)** | Date | **August 31, 2017** |
|---|---|---|---|
| Title | **Carole Arndt v. Capital One Bank USA, N.A.** | | |

in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

Plaintiff's post-removal amendment to dismiss the federal claims cannot affect whether the case was properly removed or whether the court has subject matter jurisdiction. See Rockwell Intern. Corp. v. U.S., 549 U.S. 457, 474 n. 6, 127 S.Ct. 1397, 1409 n. 6 (2007) ("It is true that, when a defendant removes a case to federal court based on the presence of a federal claim, an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction."); Libhart, 592 F.2d at 1065. In other words, "[i]f a federal claim existed at the time of removal, a later amendment deleting all federal claims does not affect the federal court's subject matter jurisdiction, even though only state law claims remain." Downs v. Monetary Mgmt. of Cal., Inc., 2000 WL 335949, *2 (N.D. Cal. 2000).

"In such cases, however, the court has discretion whether to continue to exercise its jurisdiction. It may choose either to dismiss the state law claims or remand the action to state court." Downs, 2000 WL 335949, at *2. Defendant recognizes that the power to exercise supplemental jurisdiction is within the court's discretion. (See Dkt. 15, Defendant Capital One Bank (USA), N.A.'s Opposition to [] Motion for Remand ("Opp.") at 5); see also Gibbs, 383 U.S. at 726, 86 S.Ct. at 1139 ("It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right."). The court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3); see Gibbs, 383 U.S. at 726, 86 S.Ct. at 1139 ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."); Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) ("The Supreme Court has stated, and we have often repeated, that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'") (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 619 n. 7 (1988)). Simply put, unless the court is persuaded by "considerations of judicial economy, convenience and fairness to litigants," it must "hesitate to exercise jurisdiction over state claims[.]" Gibbs, 383 U.S. at 726, 86 S.Ct. at 1139.

Here, the FAC, the operative complaint, asserts only state law claims. (See Dkt. 7, FAC at ¶¶ 8-15). Under the circumstances, particularly given that this action is in its early stages, the court declines to exercise supplemental jurisdiction over plaintiff's remaining state law claims. See, e.g., Downs, 2000 WL 335949, at *2 (noting that where federal claims have been omitted post-removal, "the court has discretion whether to continue to exercise its jurisdiction [and i]t may choose either to dismiss the state law claims or remand the action to state court"); Brashears v. Bank of Am. Home Loans, 2013 WL 5741832, *9 (C.D. Cal. 2013) (dismissing FDCPA and other federal claims and remanding state law claims to state court); Ligon v. JP Morgan Chase Bank, 2011 WL 2550836, *4 (N.D. Cal. 2011) (dismissing FDCPA claim and remanding remaining state claims); Eng v. Washington Mutual Bank, 2009 WL 2591359, *2-3 (N.D. Cal 2009) (dismissing Truth in Lending Act claim and remanding remaining state law claims); see also Carnegie-Mellon,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **ED CV 17-1036 FMO (JPRx)** | Date | **August 31, 2017** |
|---|---|---|---|
| Title | **Carole Arndt v. Capital One Bank USA, N.A.** | | |

484 U.S. at 351, 108 S.Ct. at 619 (observing that when federal claims are "eliminated at an early stage of the litigation, the District Court had a powerful reason to choose not to continue to exercise jurisdiction" over state law claims).

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

## CONCLUSION

Based on the foregoing, IT IS ORDERED THAT:

1. Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction **(Document No. 11)** is **denied** to the extent it is premised on the lack of subject matter jurisdiction.

2. The court **remands** plaintiff's state law claims to the Superior Court of the State of California for the County of San Bernardino, 6527 White Feather Road, Joshua Tree, California 92252.

3. The Clerk shall send a certified copy of this Order to the state court.

4. Defendant's motion to dismiss **(Document No. 18)** is **denied as moot**.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |